UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EDDY MORALES,
    Petitioner,

                                          PRISONER
V.                            Case No.  3:14-CV-1670 (MPS)

W. FORD, et al.,
    Respondents.

**RULING AND ORDER**

        The petitioner is currently an inmate at the Enfield Correctional Institution.  He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 conviction for forgery.  For the reasons set forth below, the petition will be dismissed without prejudice.

**I.    Procedural Background**

        On July 18, 2014, in the Connecticut Superior Court for the Judicial District of Stamford, the plaintiff pleaded guilty to three counts of forgery in the second degree.  A judge imposed a total effective sentence of three years of imprisonment followed by two years of special parole.  The petitioner did not appeal the conviction.  In September 2014, counsel for the petitioner filed a motion for sentence modification.  A Superior Court judge denied the motion on October 20, 2014.  Counsel did not appeal the denial of the motion.  *See* Pet. Writ Habeas Corpus at 2-5.

**II.    Standard of Review**

        A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir.

1982), *cert. denied*, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. *See Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. *See id.* Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal. *See O'Sullivan*, 526 U.S. at 843 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." *Lloyd v. Walker*, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. *See Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

### III.    Discussion

In addition to the petition for writ of habeas corpus, the petitioner has filed a motion for default and a motion for preliminary injunction. For the reasons set forth below, the motions for default and injunction are denied and the petition is dismissed.

### A. Motion for Default [Doc. No. 5]

The petitioner has moved to default the respondents for failure to plead. Because there has been no order directing the respondents to file an answer or memorandum in response to the petition, they are not in default. Rule 5(a), Rules Governing Section 2254 Cases In the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders."). The motion for default is denied.

### B. Petition for Writ of Habeas Corpus [Doc. No. 1]

The petitioner describes his claim as "Cruel and Unusual Punishment, Due Process Rights 'Liberty Interest', Malicious Prosecution." *Id.* at 6. He states that he is entitled to pre-sentence jail credit from June 15, 2012 to July 18, 2014. For relief, he seeks an order that he receive pre-sentence jail credit for this period.

Although the petitioner states that he raised his claim for pre-sentence credit in a motion for modification of sentence, he also indicates that he did not appeal the denial of the motion. Nor does the petitioner indicate that he filed a state habeas petition raising this claim. Thus, the claim for pre-sentence credit is not exhausted. To the extent that the petitioner is raising other claims, he does not indicate that he has exhausted any claims in state court. As such, the petitioner has not exhausted his available state court remedies as to any claims in the petition before filing this action. The petition will be dismissed without prejudice.[1]

---

[1] The court will not construe the petition for writ of habeas corpus as a complaint filed pursuant to 42 U.S.C. § 1983 because the relief sought by the petitioner pertains to his speedier release from prison. *See Prieser v. Rodriguez*, 411 U.S. 475, 489 (1973) (when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release, his sole federal remedy is in habeas corpus); *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) (holding that "where the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C.] § 2254(b) with its exhaustion requirement may be employed"). Such relief is available only in a petition for writ of habeas corpus. If the petitioner seeks to pursue any claims he might have that pertain to his conditions of confinement in prison, he may file a civil rights complaint in a separate action and either pay the $400.00 filing fee or file an application to

C.     **Motion for Permanent Injunction [Doc. No. 3]**

The petitioner claims that he is being held in a level three prison facility even though he was convicted of a level one crime.  He is mentally and emotionally stressed because he has been housed with murderers, rapists, and gang members.  He seeks permanent injunctive relief[2] in the form of an order that respondents transfer him to a level one facility or a halfway house in the City of Hartford.

Construing the petitioner's motion liberally, the court views it as part of his section 2254 petition, given that he filed the motion alongside his habeas petition.  Yet a petitioner may not seek transfer to another facility via a 2254 petition.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "On the other hand, 'a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"  *Abdul–Hakeem v. Koehler*, 910 F.2d 66, 69 (2d Cir. 1990) (quoting *Preiser*, 411 U.S. at 499).

The petitioner's motion seeks transfer based on the allegedly dangerous inmates he is housed with and his resultant mental and emotional stress, which he characterizes as "cruel and

---

proceed *in forma pauperis*, if he is unable to pay the filing fee.
[2] In this Circuit the standard for injunctive relief is well established.  "The party requesting permanent injunctive relief must demonstrate (1) irreparable harm . . . and (2) actual success on the merits."  *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2012) (citation omitted).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).  Thus, the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that a plaintiff must show actual success on the merits rather than a mere likelihood of success on the merits.  *See Amoco Prod. Co. v. Vill. of Gambell, AK,* 480 U.S. 531,

unusual punishment." He is therefore challenging the conditions of his prison life, which, in contrast to the remainder of his section 2254 petition, does not challenge the fact or length of his custody. The petitioner's request for transfer should be raised through a section 1983 action, not a section 2254 petition. *Id.* (concluding that prisoner alleging brutal prison facilities and seeking preliminary and permanent injunction via transfer to another facility stated a cognizable claim under section 1983); *In re Baker*, 469 Fed. App'x 89, 90 (3d Cir. 2012) ("A request for a prison transfer is not cognizable under habeas. . . . Nevertheless, in limited circumstances, transfer may be available under section 1983."); *Garver v. Superintendent Oneida Corr. Facility*, No. 10-cv-6142T, 2011 WL 3236386, at *1 (W.D.N.Y. July 28, 2011) (denying prisoner's motion to transfer facilities filed alongside his section 2254 petition because "[p]etitioner's motion to transfer to a different correctional facility is not a challenge to the validity of his confinement. Rather, it regards the circumstances of his confinement.").

The petitioner's motion for a permanent injunction is therefore **DENIED** without prejudice to his properly bringing a section 1983 claim challenging his conditions of confinement and requesting transfer to another facility. (*See* note 1, *supra*.)

## IV. Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies as to any claim raised in the petition.[3] The petitioner may re-file his federal habeas petition after he has exhausted his state court remedies. The

---

546 n.12 (1987).

[3] The court notes that the Second Circuit has cautioned district courts to stay rather than dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"). *Zarvela* is inapplicable to this case because this is not a mixed petition. None of

Motion for Default [**Doc. No. 5**] is **DENIED**, and the Motion for Permanent Injunction [**Doc. No. 3**] is **DENIED** without prejudice to the petitioner's filing a section 1983 claim. The Clerk is directed to enter judgment and close this case.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has exhausted his state court remedies or that the petitioner should be permitted to proceed further. Accordingly, a certificate of appealability will not issue.

SO ORDERED this 4th day of June 2015, at Hartford, Connecticut.

                                                  _____/s/_____
                                                  MICHAEL P. SHEA
                                                  UNITED STATES DISTRICT JUDGE

---

the claims have been exhausted.